TRB:ems 04-227 5/25/05

FILED
JUN 01 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RGP DENTAL, INC.

VS. C.A. No. 04-445 ML

CHARTER OAK FIRE INSURANCE
COMPANY

**RGP DENTAL, INC.'S RULE 12.1 STATEMENT OF UNDISPUTED FACTS**

This action by RGP Dental, Inc. ("RGP") seeks to enforce Charter Oak Fire Insurance Company's duty to defend and indemnify RGP in a December 2002 action filed by Support Design, AB ("Support Design") against RGP in the United States District Court for the Western District of North Carolina.

*Allegations of the Support Design Complaint*

1. Support Design is a foreign corporation based in Sweden which manufactures and sells "high-end dental chairs." (Exh. A at 1).

2. It claims to have widely and extensively advertised, promoted and sold dental chairs incorporating a "trademarked seat design." (*Id.* at 2).

3. The seat design is "distinctive," supported by a trademark registration certificate, and:

> has become associated with a particular type of dental chair originating from . . . Support Design, and is advertised, promoted and marketed as such. The relevant consuming public and trade have thereby long since come to recognize the Seat Design, and to identify and associate said Seat Design with a single source of origin.

(*Id.* at 2).

4. The distinctive elements of the seat design include "the seat's being angled forward with a rounded and upward slanted edge on the back and sides of the seat cushion, and the seat-back's being curved inward on the sides." (*Id.* on 2-3).

5. Support Design alleges RGP – a Rhode Island corporation with a principal place of business in Bristol, R.I. -- has marketed, manufactured, distributed and sold dental chairs "incorporating an exact copy of the trademarked [s]eat [d]esign * * * throughout the United States through a variety of marketing and distribution channels." (*Id.* at 3, 4, 5, 7).

6. RGP's actions included attending a trade show in North Carolina in December 2002 "for the purpose of marketing and selling" chairs incorporating the distinctive seat design. (*Id.*).

7. Count I of Support Design's complaint alleges that RGP's manufacture, sale and distribution of the dental chairs incorporating the seat design "is likely to cause confusion or mistake and to deceive consumers as to the origin, sponsorship, and/or nature of the dental chairs," and is a violation of Support Design's legal rights in the trademarked design, constituting trademark infringement under 15 U.S.C. §1114. (*Id.* at 4).

8. Count II alleges RGP has engaged in unfair competition by promoting marketing, manufacturing, distributing and selling dental chairs incorporating "an exact duplication of the

[s]eat [d]esign, in a manner" that falsely designates the chairs originated with, or are associated with, Support Design. (*Id.* at 5).

9. The marketing and promotion of the chairs by RGP allegedly "diverted sales from Support Design" and "severely damaged [the] goodwill[,]" associated with the design. (*Id.* at 5). Support Design asserts this false designation of origin claim constitutes unfair competition in violation of U.S.C. §1125(a). (*Id.*).

10. Count III alleges that RGP's use of the seat design mark in promoting, marketing and selling its chairs trades on the mark's goodwill associated with Support Design, which infringes on Support Design's common law rights in the mark and constitutes unfair competition. (*Id.* at 6).

11. In Count IV Support Design repeats those allegations and alleges a cause of action under North Carolina's Unfair Trade Practices Act. (*Id.* at 7).

12. As a result of these allegations Support Design seeks damages and an injunction requiring RGP to: 1) refrain from "manufacturing, distributing, advertising, promoting, offering for sale, or selling goods," that incorporate the seat design or any other similar mark that would be likely to cause confusion as to the origin of the design; 2) "[p]assing off" RGP's chairs as Support Design products; or 3) "[p]assing itself off as the owner of the [s]eat [d]esign" or creating the impression that the chairs came from Support Design. (*Id.* at 8).

*Pertinent Policy Provisions*

13. In April 2002 Charter Oak Fire Insurance Company ("Charter Oak") issued a manufacturers policy to RGP for the period of May 1, 2002 to May 1, 2003, which included liability coverage entitled "WEB XTEND." (Exh. B at 4).

14. The pertinent insuring agreement provides that Charter Oak "will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal injury', 'advertising injury' or 'web site injury' to which this insurance applies[, and w]e will have the right and duty to defend the insured against any 'suit' seeking those damages." (Exh. B at 4).

15. "Advertising injury" is defined by the policy to mean, *inter alia*, injury arising out of the "[i]nfringement of copyright, title or slogan," (Exh. B at 5), and "caused by an offense committed in the course of advertising [the insured's] goods, products or services[.]" (Exh. B at 4).

Plaintiff, RGP Dental, Inc.
By its Attorneys,

HANSON CURRAN LLP

David P. Whitman (by TRB)

David P. Whitman, Esq. #0552

Thomas R. Bender

Thomas R. Bender, Esq. #2799
146 Westminster Street
Providence, RI 02903-2202
(401) 421-2154 – telephone
(401) 521-7040- fax

**PROOF OF SERVICE**

I hereby certify that on this 1 day of June, 2005, I served the within document by mailing a copy of same to **James A. Ruggieri, Esq.**, Higgins, Cavanagh & Cooney, LLP, The Hay Building, 123 Dyer Street, Providence, RI 02903-3987 and **Laura A. Brady, Esq., Frederick P. Marczyk, Esq.**, Drinker Biddle & Reath LLP, 500 Campus Drive, Florham Park, NJ 07932-1047.

Thomas R. Bender

of Hanson Curran LLP