UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

RGP DENTAL, INC.,

Plaintiff,

v.

CHARTER OAK FIRE INSURANCE COMPANY,

Defendant.

Civil Action No.: 04-CV-445 ML

**DEFENDANT CHARTER OAK FIRE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES, defendant Charter Oak Fire Insurance Company, by its attorneys, and respectfully presents the following Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 and Local Rules 12 and 12.1:

1. This declaratory judgment action arises from a lawsuit initiated by Support Design, AB ("Support Design") against plaintiff RGP Dental, Inc. ("RGP") in the United States District Court for the Western District of North Carolina. That action is captioned Support Design AB v. RGP Dental, Inc., Case No. 3:02cv520-MU (the "Underlying Action").

2. In the complaint filed in the Underlying Action, Support Design alleges that RGP committed trademark infringement by making and selling dental chairs that incorporated Support Design's trademarked seat design. The complaint pleads causes of action for trademark infringement, unfair competition, and unfair trade practices.

3. On September 17, 2004, RGP filed a complaint for breach of contract against Charter Oak the Superior Court of Rhode Island. On October 14, 2004, Charter Oak removed the action to this Court based on the parties' diverse citizenship.

4. Pursuant to Local Rules 12 and 12.1, Charter Oak submits herewith the accompanying Statement of Undisputed Material Facts and Memorandum of Law in Support of Motion for Summary Judgment.

5. Charter Oak seeks summary judgment as to Count I of RGP's complaint and a declaration that Charter Oak has no obligation to defend or indemnify RGP in connection with the Underlying Action, because the policies provide no coverage for the claims asserted in the Underlying Action as a matter of law. Moreover, RGP is barred from recovering from Charter Oak in connection with the Underlying Action because it breached its obligation to provide notice to Charter and, pursuant to the known loss doctrine, because it knew that Support Design was claiming that RGP was infringing Support Design's trademark prior to the inception of the policy under which RGP now seeks coverage. The policy language at issue is unambiguous and, as there are no genuine issues of material fact in dispute, Charter Oak respectfully requests summary judgment.[1]

6. Charter Oak requests oral argument on this Motion.

WHEREFORE, Charter Oak respectfully requests that this Court grant its Motion for Summary Judgment, and for such other and further relief as justice may require.

[1] This Court has indicated that it will sever RGP's claim for "bad faith" in Count II of its complaint and, therefore, this Motion for Summary Judgment directly addresses only the duty to defend issue raised in Count I. Nevertheless, this Motion is characterized as a Motion for Summary Judgment, rather than a Motion for Partial Summary

Respectfully submitted,

Defendant

By Its Attorneys,

HIGGINS, CAVANAGH & COONEY LLP

Dated: June 9, 2005

James A. Ruggieri #2828
123 Dyer Street
Providence, RI 02903
(401) 272-3500

Of Counsel:
William T. Corbett, Jr. (admitted *pro hac vice*)
Frederick P. Marczyk (admitted *pro hac vice*)
DRINKER BIDDLE &REATH LLP
500 Campus Drive
Florham Park, New Jersey 07932-1047

---

Judgment, because RGP cannot prevail on its claim for "bad faith" if this Motion for Summary Judgment as to Count I is granted.

**CERTIFICATION**

I hereby certify that on this 9th day of June, a copy of the within was hand delivered to:

David P. Whitman, Esq.
Hanson Curran LLP
146 Westminister Street
Providence, RI 02903

Joan Audino
______________________________