**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| RGP DENTAL, INC.,<br>Plaintiff,<br>v.<br>CHARTER OAK FIRE INSURANCE COMPANY,<br>Defendant. | Civil Action No.: 04-CV-445 ML<br>**DEFENDANT CHARTER OAK FIRE INSURANCE COMPANY'S STATEMENT OF UNDISPUTED MATERIAL FACTS** |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 12.1(a)(1), defendant Charter Oak Fire Insurance Company ("Charter Oak") submits the following Statement of Undisputed Material Facts in Support of Charter Oak's Motion for Summary Judgment.

1. In December of 2002, Support Design, AB ("Support Design") filed a complaint (the "Underlying Complaint") against plaintiff RGP Dental, Inc. (RGP") in the United States District Court for the Western District of North Carolina and instituted the action styled Support Design AB v. RGP Dental, Inc., Case No. 3:02cv520-MU (the "Underlying Action"). See, generally, the Underlying Complaint, which is attached as Exhibit A.

2. RGP is a corporation that manufactures and distributes dental chairs and engages in domestic and international business activities, often pursuant to complex contracts with other companies engaged in international business. See Answers Of Plaintiff RGP Dental, Inc., To Defendant's 1st Set Of Interrogatories, portions of which are attached as Exhibit B, Response to Interrogatory No. 11.

3. In December 2002, RGP was served with the Underlying Complaint. Id., Response to Interrogatory No. 9.

4. The Underlying Complaint contains counts for trademark infringement, unfair competition, and unfair trade practices. See, generally, the Underlying Complaint, which is attached as Exhibit A.

5. The claims in the Underlying Complaint are premised on the allegation that, until December 2001, RGP was authorized pursuant to a distribution agreement (the "Distribution Agreement") to sell dental chairs incorporating Support Design's trademarked dental chair design (the "Trademarked Seat Design"). Id. at ¶10.

6. The claims in the Underlying Complaint are premised on the allegation that, as part of that agreement, RGP acknowledged Support Design's ownership rights in the Trademarked Seat Design. Id.

7. The claims in the Underlying Complaint are premised on the allegation that, in December 2001, the Distribution Agreement was canceled because RGP breached its terms. Id.

8. The claims in the Underlying Complaint are premised on the allegation that, despite losing its legal right to use the Trademarked Seat Design, RGP "began manufacturing (or having manufactured on its behalf) and has continued to distribute and sell dental chairs incorporating an exact copy of the [T]rademarked Seat Design" (the "Counterfeit Chairs"). Id. at ¶11.

9. The claims in the Underlying Complaint are premised on the allegation that, "[a]t all relevant times," RGP was aware of Support Design's exclusive rights in the Seat Design. Id. at ¶12.

10. The claims in the Underlying Complaint are premised on the allegation that, "RGP has acted with full knowledge of Support Design's rights, with the intention to usurp such rights, and with the knowledge that such acts are causing confusion or are likely to cause confusion" and that the "acts of RGP are . . . intentional and willful"; that RGP had "knowledge of such

false designation of origin or description" and "willfully promoted . . . the sale of its Counterfeit Chairs . . . in a manner so as to designate falsely Support Design as the origin."; that "RGP has marketed and sold Counterfeit Chairs in such a manner so as inevitably to suggest an association, affiliation, or sponsorship with, or approval by, Support Design"; and that "RGP has utilized the Seat Design with full prior knowledge of the Seat Design trademark, and RGP's use of that mark was and is for the willful and calculated purpose of trading on the trademark's goodwill." Id. at ¶¶20-21; 27-28.

11. The claims in the Underlying Complaint are premised on the allegation that, "Support Design has objected to RGP's unauthorized manufacture, distribution and sale of its Counterfeit Chairs, but RGP has continued to do so despite these objections." Id. at ¶12.

12. RGP first learned of Support Design's intent to claim trademark infringement when it received two letters to that effect from Support Design in February 2002. See Answers Of Plaintiff RGP Dental, Inc., To Defendant's 1st Set Of Interrogatories, portions of which are attached as Exhibit B, Response to Interrogatory No. 20.

13. In March 2002, counsel for Support Design sent a letter to RGP threatening legal action if RGP did not stop using the Seat Design. Id., Response to Interrogatory No. 9.

14. In March 2003, RGP was served with court papers filed by Support Design in Germany over RGP's alleged use of the Seat Design. See Answers Of Plaintiff RGP Dental, Inc., To Defendant's 1st Set Of Interrogatories, portions of which are attached as Exhibit B, Response to Interrogatory No. 9.

15. In May 2003, RGP was served with new suit papers filed by Support Design in Germany. Id.

16. Between February 2002 and August 5, 2004, RGP did not notify or send any suit papers to Charter Oak. Id., Responses to Interrogatories Nos. 4 and 9.

17. RGP defended the Underlying Action and the German lawsuits itself. Id., Responses to Interrogatories Nos. 4 and 9.

18. August 6, 2004, RGP first notified Charter Oak of Support Design's claims and the Underlying Action. Id., Response to Interrogatory No. 4.

19. Charter Oak issued to named insured RGP Dental, Inc. Policy No. I-680-766Y0017-COF-02, with an effective period of May 1, 2002 to May 1, 2003 (the "Policy"). See Renewal Certificate of the Policy, which is attached as Exhibit C.

20. Pursuant to Coverage B, the Policy provides, in part:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of . . . "advertising injury" . . . to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for . . . "advertising injury" . . . to which this insurance does not apply. . . .

See Pg. 1 of 3 of form CG D234 02 01 of the Policy, which is attached as part of Exhibit D.

21. The Policy states that the insurance applies only to "'advertising injury' caused by an offense committed in the course of adverting your goods, products or services" and also provides that the insurance does not apply to "advertising injury" arising out of: (1) "oral, written or electronic publication of material, if done by or at the direction of the insured with knowledge of its falsity"; (2) "the willful violation of a penal statute or ordinance committed by or with the consent of the insured; (3) "[b]reach of contract; and (4) "[t]he failure of goods, products or services to conform with the advertised quality or performance." See Pgs. 1-2 of 3 of form CG D234 02 01 of the Policy, which is attached as part of Exhibit D.

22. The Policy defines "advertising injury," in relevant part, as injury, arising out of "[i]nfringement of copyright, title or slogan." See Pg. 2 of 3 of form CG D234 02 01 of the Policy, which is attached as part of Exhibit D.

23. The notice conditions of the Policy requires that RGP must, among other things: (1) notify Charter Oak "as soon as practicable of . . . an offense which may result in a claim"; (2) notify Charter Oak "as soon as practicable" if a claim is made or suit is brought; and (3) "immediately" send Charter Oak copies of any demands, notices, summonses, or legal papers received in connection with a claim or suit. See Pg. 7 of 11 of form CG 00 01 10 93 of the Policy, which is attached as part of Exhibit E.

HIGGINS, CAVANAGH & COONEY, LLP
Attorneys for the Defendant

By: ______________________
James A. Ruggieri

Dated: June 9, 2005

Of Counsel:
William T. Corbett, Jr. (admitted *pro hac vice*)
Frederick P. Marczyk (admitted *pro hac vice*)
DRINKER BIDDLE &REATH LLP
500 Campus Drive
Florham Park, New Jersey 07932-1047

**CERTIFICATION**

I hereby certify that on this 9th day of June, a copy of the within was hand delivered to:

David P. Whitman, Esq.
Hanson Curran LLP
146 Westminister Street
Providence, RI 02903

Jan Audino