FILED
STATESVILLE, N.C.
2002 DEC 12 AM 11: 07
U.S. DISTRICT COURT
W. DIST. OF N.C.

IN THE GENERAL COURT OF JUSTICE
WESTERN DISTRICT OF NORTH CAROLINA
CASE NO. 3:02cv520-mu

SUPPORT DESIGN AB, )
)
Plaintiff, )
)
v. ) **COMPLAINT**
)
RGP DENTAL, INC., )
)
)
Defendant. )

For its complaint against Defendant RGP Dental, Inc. ("RGP" or "Defendant"), Plaintiff Support Design AB ("Support Design") states as follows:

**The Parties**

1. Plaintiff Support Design is a foreign corporation based in Sunne, Sweden. Support Design manufactures and sells high-end dental chairs.

2. Upon information and belief, Defendant RGP Dental, Inc. is a Rhode Island corporation with a principal place of business in Bristol, Rhode Island. Upon information and belief, among other things RGP Dental, Inc. markets and sells dental chairs and other high-end dental equipment. It is believed that RGP Dental, Inc. does business from time to time under the name of RGP, Inc. and/or RGP.

**Jurisdiction**

3. This action arises under the Trademark Act of 1946, as amended, Title 15, United States Code § 1501 *et seq.*

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1501, *et seq.*

GCM

A

5. This Court has personal jurisdiction over Defendant in that Defendant does business in Charlotte, North Carolina, and elsewhere in this district. On December 6-7, 2002, Defendant attended a trade show in Charlotte, North Carolina, in which Defendant marketed, attempted to sell and/or sold the very dental chairs at issue in this litigation.

**Facts Common to All Claims**

6. Support Design is the owner of all right, title and interest (including, without limitation, trademark and all other intellectual property rights) in and to a proprietary dental chair seat and seat back design (collectively the "Seat Design"). The Seat Design is itself protected as a trademark, and is the subject of a federal trademark registration, U.S. Registration No. 2,497,500 (a copy of which is attached hereto as Exhibit A).

7. In connection with its ownership of the intellectual property rights in the Seat Design, Plaintiff Support Design manufactures dental chairs incorporating the Seat Design for sale in many different countries, including the United States.

8. Support Design, along with its predecessors in interest, have widely and extensively advertised, promoted and sold dental chairs incorporating the trademarked Seat Design in interstate commerce. In particular, the Seat Design has become associated with a particular type of dental chair originating from Plaintiff Support Design, and is advertised, marketed, and promoted as such. The relevant consuming public and trade have thereby long since come to recognize the Seat Design, and to identify and associate said Seat Design with a single source of origin. Support Design derives substantial goodwill and value from this recognition by the consuming public and trade.

9. As supported by the trademark registration certificate issued by the United States Trademark Office, the Seat Design is distinctive. Distinctive elements include, but are not

limited to, the seat's being angled forward with a rounded and upward slanted edge on the back and sides of the seat cushion, and the seat-back's being curved inward on the sides.

10. Through its affiliation with Support Design's predecessor in interest, RGP was formerly authorized to distribute and sell in the United States dental chairs incorporating the Seat Design. Up until December 2001, RGP purchased seats and seatbacks incorporating the Seat Design from Plaintiff's Swedish distributor, Sun Design AB ("Sun Design"). In accepting and operating under said distribution arrangement, RGP acknowledged Support Design's ownership rights in the Seat Design. As a result of RGP's failure to pay for the chairs it had ordered and received from Sun Design, the agreement with RGP permitting it to distribute and sell dental chairs incorporating the Seat Design was terminated shortly thereafter.

11. Notwithstanding the termination of its authorization to distribute and sell dental chairs incorporating the Seat Design, Defendant RGP has begun manufacturing (or having manufactured on its behalf), and has continued to distribute and sell dental chairs incorporating an exact copy of the trademarked Seat Design (collectively, the "Counterfeit Chairs") without Plaintiff's authorization. Upon information and belief, Defendant sells and markets its Counterfeit Chairs throughout the United States through a variety of marketing and distribution channels. On December 6-7, 2002, Defendant attended a trade show in Charlotte, North Carolina, for purposes of marketing and selling its Counterfeit Chairs.

12. At all relevant times, Defendant has been aware of Support Design's exclusive rights in the Seat Design, and has also been aware of Support Design's use of the Seat Design trademark as described herein. Support Design has objected to RGP's unauthorized manufacture, distribution, and sale of its Counterfeit Chairs, but RGP has continued doing so despite these objections.

**COUNT I**
**Defendant's Use of the Seat Design Infringes the Registered Seat Design Trademark (15 U.S.C. § 1114)**

13. Support Design incorporates by reference the allegations of paragraphs 1 through 12 above.

14. RGP's manufacture, sale and distribution of Counterfeit Chairs, which incorporate an exact copy of Plaintiff's Seat Design, is likely to cause confusion or mistake and to deceive consumers as to the origin, sponsorship, and/or nature of the dental chairs sold by RGP. In particular, RGP's Counterfeit Chairs are identical to Support Design's dental chairs, which incorporate Plaintiff's trademarked Seat Design such that consumer confusion is likely, in violation of Support Design's rights in and to the Seat Design trademark under 15 U.S.C. § 1114. The likelihood of such consumer confusion is increased substantially, to the point of inevitability, by virtue of the fact that RGP is a former authorized distributor of Support Design's dental chairs and the seat and seatbacks of the Counterfeit Chairs are identical to the Seat Design.

15. RGP's manufacture, distribution and sale of the Counterfeit Chairs, and the attendant unauthorized use by RGP of the Seat Design, have caused, are causing, and will continue to cause damage and other irreparable injury to Support Design unless such manufacture, distribution and sale are enjoined by this Court.

16. Further, as a result of these unlawful activities, upon information and belief RGP has received substantial profits to which it is not entitled, at the expense of Support Design.

17. Upon information and belief, Defendant RGP has acted with full knowledge of Support Design's rights, with the intention to usurp such rights, and with the knowledge that such acts are causing confusion or are likely to cause confusion in the relevant marketplace. The

aforementioned acts of RGP are therefore intentional and willful, and as a result, RGP should be held liable to Plaintiffs for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117.

**COUNT II**
**Defendant's Use of the Seat Design**
**Constitutes Unfair Competition (15 U.S.C. § 1125(a))**

18. Support Design incorporates by reference the allegations of paragraphs 1 through 17 above.

19. In manufacturing, marketing, distributing and selling the Counterfeit Chairs, RGP has affixed, applied, annexed, or used in connection with its goods a false designation of origin, or a false or misleading description or representation of fact, that is likely to cause confusion, to cause mistake, or to deceive others to believe that such Counterfeit Chairs are made by, sponsored by, approved by, originate with, or are affiliated with Support Design and its predecessors in interest.

20. RGP has caused, with knowledge of such false designation of origin or description, such Counterfeit Chairs to be offered for sale and use in interstate commerce.

21. RGP has willfully promoted in interstate commerce the sale of its Counterfeit Chairs incorporating an exact duplication of the Seat Design, in a manner so as to designate falsely Support Design as the origin of such Counterfeit Chairs, or an association with Support Design with respect to such dental chairs.

22. Upon information and belief, RGP's actions have diverted sales from Support Design and have severely damaged Support Design's goodwill.

23. Support Design has been irreparably damaged by the use of such false designations and representations, and will continue to be irreparably damaged unless the actions of RGP are enjoined by this Court.

24. The actions of RGP, as set forth above, constitute unfair competition, false designation of origin, and false description in violation of 15 U.S.C. § 1125(a).

**COUNT III**
**Defendant's Use of the Seat Design Constitutes**
**Common Law Trademark Infringement And Unfair Competition**

25. Support Design incorporates by reference the allegations of paragraphs 1 through 24 above.

26. As a result of the association by the public of the Seat Design with a single source, the use by RGP of an identical seat design in connection with its Counterfeit Chairs is likely to cause confusion, to cause mistake, and to deceive.

27. On information and belief, RGP has utilized the Seat Design with full prior knowledge of the Seat Design trademark, and RGP's use of that mark was and is for the willful and calculated purpose of trading on the trademark's goodwill.

28. RGP has marketed and sold Counterfeit Chairs in such a manner so as inevitably to suggest an association, affiliation, or sponsorship with, or approval by, Support Design.

29. Upon information and belief, RGP's acts have caused, or are likely to cause, confusion or mistake among purchasers as to the origin or sponsorship of goods sold, all to the profit of RGP and to Support Design's detriment. The likelihood of such consumer confusion is increased substantially, to the point of inevitability, by virtue of the fact that RGP is a former authorized distributor of Support Design's dental chairs and the seat and seatbacks of the Counterfeit Chairs are identical to the Seat Design.

30. The conduct of RGP constitutes infringement of Support Design's common law rights in and to the Seat Design trademark, and further constitutes common law unfair

competition with Support Design, all of which has irreparably damaged and will continue to irreparably damage Support Design unless enjoined by this Court.

**COUNT IV**
**Defendant's Use of the Seat Design Violates**
**North Carolina's Unfair Trade Practices Act (N.C.G.S. § 75-1.1)**

31. Support Design incorporates by reference the allegations of paragraphs 1 through 30 above.

32. RGP's unauthorized manufacturing, marketing, distribution and sale of its Counterfeit Chairs using the Seat Design as described herein has been conducted in and affects commerce.

33. RGP's continued manufacturing, marketing, distribution and sale of its Counterfeit Chairs incorporating a seat design identical to Support Design's trademarked Seat Design, after RGP's rights to market, distribute and sell genuine Support Design dental chairs were terminated, as well as the other activities and misconduct described herein, constitute unfair methods of competition and unfair or deceptive acts or practices within the meaning of N.C. Gen. Stat. § 75-1.1.

34. As a direct and proximate result of RGP's conduct, Support Design has been damaged according to the proof at trial. Support Design requests such damages (trebled) and attorneys' fees pursuant to N.C. Gen. Stat. § 75-1.1 *et seq.*

**Prayer for Relief**

WHEREFORE, Support Design prays for relief as follows:

1. That Defendant, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with it, be enjoined from:

a. manufacturing, distributing, advertising, promoting, offering for sale, or selling goods in or to the United States or abroad that use or incorporate the Seat Design, or under any other designation, trademark or service mark which so resembles the Seat Design as to be likely to cause confusion, deception or mistake;

b. Otherwise using in any manner the Seat Design mark in the United States;

c. Further infringing the Seat Design trademark or damaging Plaintiff's goodwill;

d. Passing off RGP's Counterfeit Chairs as genuine Support Design products;

e. Passing itself off as the owner of the Seat Design or otherwise creating, or attempting to create, the false impression that the Counterfeit Chairs emanate from the lawful owner of the Seat Design; or

f. Otherwise competing unfairly with Plaintiff in any manner;

2. That Defendant be ordered to deliver up for destruction any and all products and other materials in its possession, custody or control in the United States, including but not limited to, signs, packages, forms, advertisements, business cards, letterheads, circulars, hang tags, packages, boxes or receptacles and/or other representations and means for reproducing the same, that make reference to or depict the Seat Design or any designation or mark confusingly similar to the Seat Design;

3. That Defendant be required to account for and pay over to Plaintiff three times all gains, profits and advantages derived by Defendant from the trademark infringement, unfair competition, and unfair trade practices described herein;

4. That Defendant be required to pay Plaintiff all damages which Plaintiff has sustained by reason of Defendant's trademark infringement, unfair competition and unfair trade practices, and that such damages be trebled as provided for by law;

5. That Defendant be ordered to deliver up for destruction within seven days of the date of entry of the earliest of any injunction or entry of final judgment any and all of Defendant's products bearing the Seat Design then within Defendant's dominion or control;

6. For an award of all other damages sustained by Plaintiff, with interest as provided by law;

7. For an award of Plaintiff's reasonable attorneys' fees;

8. For an award of costs in this suit; and

9. For such other and further relief as this Court may deem just and proper.

**Jury Demand**

Pursuant to Rule 38(b) of the Federal Rule of Civil Procedure, Plaintiff demands a trial by jury of any issue so triable.

This the 12th day of December, 2002.

John F. Morrow, Jr.
N.C. State Bar #23382

Attorney for Plaintiff

OF COUNSEL:

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One West Fourth Street
Winston-Salem, NC 27101
(336) 721-3584

Int. Cl.: 20

Prior U.S. Cls.: 2, 13, 22, 25, 32 and 50

Reg. No. 2,497,500

United States Patent and Trademark Office Registered Oct. 16, 2001

TRADEMARK
PRINCIPAL REGISTER



NORRMAN, BO SUNE MAGNUS (SWEDEN CITIZEN)
BOBERG 14
SE-686 93 SUNNE
SWEDEN

FOR: CHAIRS, IN CLASS 20 (U.S. CLS. 2, 13, 22, 25, 32 AND 50).

FIRST USE 10-0-1982; IN COMMERCE 10-0-1994.

THE MARK CONSISTS OF THE SEAT AND BACK DESIGN ELEMENT OF A CHAIR, THE SEAT BEING ANGLED FORWARD WITH A ROUNDED AND UPWARD SLANTED EDGE ON THE BACK AND SIDES OF THE SEAT CUSHION AND THE SEAT-BACK BEING CURVED INWARD ON THE SIDES. THE DOTTED LINES MERELY SHOW THE PLACEMENT OF THE MARK ON THE GOODS AND ARE NOT A PART OF THE MARK.

SEC. 2(F).

SER. NO. 75-676,568, FILED 4-6-1999.

KELLEY WELLS, EXAMINING ATTORNEY

A