DPW:mdb 04-227 3/16/05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RGP DENTAL, INC.

VS. C.A. No. 04-445 ML

THE CHARTER OAK FIRE INSURANCE COMPANY

**ANSWERS OF PLAINTIFF, RGP DENTAL, INC., TO DEFENDANT'S 1[ST] SET OF INTERROGATORIES**

**INTERROGATORY NO. 1:** Identify by name, address, and title each individual with knowledge or information relevant to any facts at issue in the Underlying Action and/or the Coverage Action or any allegation in the complaint in the Underlying Action and/or the Coverage Action and, as to each individual, identify each particular fact(s) or paragraph in the complaint in the Underlying Action and/or the Coverage Action to which such person's knowledge or information is relevant.

**RESPONSE:** Please note objection, heretofore provided, as to that portion of this interrogatory seeking information as to the underlying action. Those individuals having knowledge concerning the coverage action include:

David Solomon, President, RGP Dental, Inc., 22 Burnside Street, Bristol, RI 02809;

Gregory M. Murray, Treasurer/CFO, RGP Dental, Inc., 3540 Island Walk Circle, Naples, FL 34119;

Pamela Pelletier, CISR, John Andrade Insurance Agency, 559 Hope Street, Bristol, RI 02809;

B

Cover letter of September 17, 2004 from RGP to David Waugh, CPCU, Senior Technical Specialist of The St. Paul Travelers Companies, Inc.

**INTERROGATORY NO. 3:** Identify each person you expect to call as an expert witness at trial, state the subject matter about which the expert is expected to testify, state the substance of each witnesses' proposed testimony, the facts and opinions about which they are expected to testify, summarize the grounds for such opinions, and attach the expert's curriculum vitae, report, and all written comments or conclusions.

**RESPONSE:** At the present time, RGP does not intend to present any expert to testify as to the liability portion of its claim as set forth in Count I of the coverage action against Charter Oak. RGP reserves the right to amend this interrogatory answer to identify experts in accordance with the provisions of F.R. Civ. P. 26(a)(2), (3) and (4).

**INTERROGATORY NO. 4:** Identify and describe all communications between you and Charter Oak relating to the Charter Oak Policy, the Coverage Action and/or the Underlying Action.

**RESPONSE:** On or about the end of July or the beginning of August of 2004, David Solomon met with Paul LaFleur of the John Andrade Insurance Agency ("Andrade Agency") and determined that RGP might have coverage under the Manufacturer's PAC issued by Charter Oak Fire Insurance Company in regard to the pending trademark infringement action in the United States District Court for the Western District of North Carolina and in regard to the pending German action. Very shortly thereafter, David Solomon contacted Pamela Pelletier, CSIR, of the Andrade Agency. Please note those documents identified in response to Interrogatory No. 2, above. On or about August 6, 2004, David Solomon contacted the Andrade Agency by telephone and spoke with Pamela Pelletier, CSIR, advising her of the pendency of the trademark infringement action in the United States District Court for the Western District of North Carolina and the pendency of the German action. To the knowledge of RGP, the Andrade Agency immediately forwarded an ACORD: GENERAL LIABILITY NOTICE OF OCCURRENCE/CLAIM by fax to The St. Paul Travelers Companies, Inc. in care of the Middleboro, Massachusetts office. Michael F. Sullivan, Senior Technical Specialist, of the St. Paul Travelers Companies, Inc., then sent an e-mail of 3:23 p.m. on that same date to David Solomon of RGP seeking a copy of "the" complaint. On that same date at 10:16 p.m., Albert P. Allan, Esq. forwarded a copy of the complaint in regard to the pending trademark infringement action in the United States District Court for the Western District of North Carolina to Michael F. Sullivan. On August 9, 2004, Michael F. Sullivan sent a letter to RGP. Between August 6 and August 19, 2004, David Solomon contacted

Michael F. Sullivan by telephone on two occasions inquiring as to the status of the matter. During that same time period in August, Michael F. Sullivan advised David Solomon that The St. Paul Travelers Companies, Inc. had received a copy of the complaint in the trademark infringement action and that the matter was being transferred to the North Carolina office of The St. Paul Travelers Companies, Inc. At some date prior to August 19, 2004, David Waugh and David Solomon spoke, by telephone, as to various matters concerning the trademark infringement action in North Carolina. On or about August 19, 2004, David Waugh, CPCU, Senior Technical Specialist at The St. Paul Travelers Companies, Inc. forwarded his denial letter to David Solomon of RGP. RGP then filed its complaint against Charter Oak in the Superior Court of the State of Rhode Island, within and for the County of Providence, on September 17, 2004 and forwarded to David Waugh, by e-mail, its letter of September 17, 2004 and, by Federal Express, a copy of the complaint and all exhibits.

**INTERROGATORY NO. 9:** For the time period from 2000 to the present, identify any and all claims asserted against Plaintiff which, in whole or in part, alleged that Plaintiff in some way infringed another's trademark in violation of statutory or common law.

**RESPONSE:** On or about March 12, 2002, counsel for Support Design, AB, sent a letter to RGP claiming that RGP had infringed upon the trademark of Support Design, AB. On or about December 12, 2002, Support Design, AB, filed its complaint for trademark infringement against RGP in the United States District Court for the Western District of North Carolina. RGP first received notice of the filing of said complaint when a summons and complaint was received by RGP's attorney for service of process, Christopher D. Graham, Esq., Edwards & Angell, LLP, 2800 Financial Plaza, Providence, RI 02903 on or about December 16, 2002. On that date, Attorney Graham sent an e-mail to David Solomon and to Greg Murray concerning the filing of the trademark infringement action. Attorney Graham then forwarded a copy of the summons and complaint, as received, to RGP. On or about March 23, 2003, RGP was served with court papers from Cologne, Germany, initiating an emergency (preliminary) injunction as instituted by Support Design, AB. (33 O 110-03 LG Köln). That particular claim was later withdrawn by Support Design, AB. Support Design, AB, then served RGP with a complaint, in Germany, of infringement of trademark/distribution rights and unfair competition on or about May 16, 2003. (33 O 166-03 LG Köln).

**INTERROGATORY NO. 10:** With respect to each claim or suit identified in response to the preceding interrogatory, state whether Plaintiff sought insurance coverage for such claim or suit, and if so, identify the insurer(s) to which the request(s) for coverage was/were made, state

whether coverage was provided and identify all correspondence with said insurer(s) regarding the question of coverage for such claim or suit.

**RESPONSE:** Please see answer to Interrogatory No. 4, above. RGP sought insurance coverage from Charter Oak and from The Travelers Indemnity Company of Connecticut.

**INTERROGATORY NO. 11:** Describe in detail the nature of your business. This description should include, without limitation, an identification of the various locations from which you conduct business.

**RESPONSE:** RGP manufactures and distributes chairs and accessories. RGP owns tooling for the manufacturing of certain components of chairs and accessories. RGP purchases components and assembles all chairs in the United States where it also upholsters chairs in a variety of materials and colors. Although RGP's main office is located in the Town of Bristol, State of Rhode Island, it conducts business throughout the United States and internationally. RGP's website, http://www.rgpdental.com/index.htm, provides information about RGP and advertises RGP's product line internationally.

RGP has representatives attending national and international trade shows. Until April of 2003, all production, assembly and shipping of completed chairs were performed within the United States. In April of 2003, some chairs were assembled and shipped on RGP's behalf by a contracted vendor in Estonia, although all such chairs were upholstered within the United States.

**INTERROGATORY NO. 13:** Identify all persons who participated in the application for and the negotiation, selection, purchase, receipt, retention, or administration of insurance policies by Plaintiff or on Plaintiff's behalf for the periods of January 1, 2000 to the present. Your response to this interrogatory should include all insurance agents, insurance brokers, or other intermediaries that have performed such services for Plaintiff during the identified period.

**RESPONSE:** David Solomon and Greg Murray of RGP (see addresses as listed in response to Interrogatory No. 1, above) represented RGP in regard to securing of insurance coverage for RGP. This was done through the Andrade Agency, as identified above. The representative of the Andrade Agency was Paul LaFleur.

coverage afforded under the policy to determine whether the reasonable **possibility** of coverage exists such that the insurer has the duty to defend its insured. Thus, RGP contends that the entire complaint as filed by Support Design, AB in the United States District Court for the Western District of North Carolina must be compared with the policy issued to RGP by Charter Oak. Without in any respect waiving that position, RGP notes that the following paragraphs of the underlying complaint are significant in terms of raising the reasonable **possibility** of coverage for RGP from Charter Oak: Paragraphs 3, 6, 11, 13, 14, 15, 18, 19, 24, 25, 28, 29, 30, 31, 33 and 34.

**INTERROGATORY NO. 19:** Describe every act you took to notify Charter Oak of the Underlying Action and/or the conduct that led to the claims alleged in the Underlying Action, whether oral or written, and attach each document relating thereto.

**RESPONSE:** Please see responses to Interrogatories No. 2 and 4, above, and enclosures, except as to The Charter Oak policy which both parties have, already.

**INTERROGATORY NO. 20:** Identify the precise date on which Plaintiff first learned of the alleged acts and/or omissions that form the basis of each of the claims asserted against it in the Underlying Action. Describe what you knew at that time, and how you gained that knowledge.

**RESPONSE:** Please see response to Interrogatory No. 4, above. RGP first learned of the intent of Support Design, AB, to claim infringement of its alleged intellectual property rights, copyright, and trademark rights in two letters from Magnus Norrman, one dated February 2, 2002 on Support Design, AB letterhead and the second dated February 15, 2002 on Sun Design, AB letterhead.

**INTERROGATORY NO. 21:** State the precise date on and means by which Plaintiff was served with the Complaint in the Underlying Action.

**RESPONSE:** Please see answer to Interrogatory No 9, above.

**INTERROGATORY NO. 22:** Identify the person or persons, who was or were involved in the decision by Plaintiff to tender the Underlying Action to Charter Oak.

**RESPONSE:** David Solomon, Greg Murray, Richard Land, Esq., David P. Whitman, Esq. and Albert P. Allan, Esq., as identified in response to Interrogatory No. 1, above.

In regard to the instant matter, David Waugh, in that same letter, stated:

* * *

> There are no allegations that RGP committed one or more of the enumerated "personal injury" offense arising out of its' (*sic*) business. Also, there are no allegations that RGP committed one or more of the enumerated "advertising injury" offenses in the course of advertising its' (*sic*) goods, products or service, as required by the insuring agreement of Coverage B.

* * *

As quoted in its complaint and in the answers to interrogatories above, RGP avers that Support Design, AB, in its complaint in the underlying trademark infringement action, definitely has alleged the "marketing" by RGP (which obviously includes advertising) of RGP's goods which allegedly infringe upon the trademark (title) of Support Design, AB.

**INTERROGATORY NO. 25:** Identify each person who has assisted in responding to these interrogatories.

**RESPONSE:** David Solomon, Albert P. Allan, Esq. and David P. Whitman, Esq. have assisted in the response to these interrogatories. Please see response to Interrogatory No. 1, above.

Gregory M. Murray, Treasurer/CFO
RGP Dental, Inc.

State of Rhode Island
Providence County

Subscribed and sworn to before me this 31st day of March, 2005.

Notary Public: David P. Whitman, Esq.
My Commission Expires: November 2, 2005