UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RGP DENTAL, INC. :
:
VS. : C.A. NO. 04-445 ML
:
CHARTER OAK FIRE INSURANCE :
COMPANY :

**MOTION FOR LEAVE TO FILE REPLY MEMORANDUM IN EXCESS OF FIVE PAGES**

Now comes the defendant, Charter Oak Fire Insurance Company ("Charter Oak") seeking leave to file a memorandum in reply to Plaintiff, RGP Dental, Inc. ("RGP"), memorandum in opposition to Defendant's motion for summary judgment in excess of five (5) pages. Charter Oak requests this Court allow it to file a memorandum in reply of not more than fifteen (15) pages. Charter Oak represents that RGP has consented to this motion.

Charter Oak relies on the attached memorandum in support of this motion.

Charter Oak Fire Insurance Company
By Its Attorneys,
HIGGINS, CAVANAGH & COONEY

James A. Ruggieri #2828
123 Dyer Street
Providence, RI 02903
(401) 272-3500

**CERTIFICATION**

I hereby certify that on this 15th day of September, a copy of the within was hand delivered to:

Thomas R. Bender, Esq.
Hanson Curran LLP
146 Westminister Street
Providence, RI 02903

Jan Audino
______________________________

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RGP DENTAL, INC. | : | |
| | : | |
| VS. | : | C.A. NO. 04-445 ML |
| | : | |
| CHARTER OAK FIRE INSURANCE COMPANY | : | |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE REPLY MEMORANDUM IN EXCESS OF FIVE PAGES**

In support of its motion for leave to file a reply brief in excess of five (5) pages Charter Oak states that it requires more than five pages to sufficiently respond to new arguments raised in RGP's Opposition Brief that Charter Oak has not had the opportunity to address. In its brief in support of its motion for summary judgment, Charter Oak asserted that the terms of the policy do not extend coverage to RGP for the damage alleged in the underlying lawsuit and that, even if it did, four exclusions in the policy would bar coverage. Charter Oak also raised separate defenses pertaining to the policy's notice conditions and the "known loss" doctrine. In its Opposition Brief, RGP raises arguments and cites case law it asserts are relevant to each of those issues, including each of the four exclusions. Significantly, while Charter Oak has already had the opporutinty to file a brief in opposition to RGP's cross-motion for summary judgment, Charter Oak had no opportunity to address in that brief any arguments raised by RGP with respect to the four exclusions, the notice issue, or the "known loss" doctrine, as those issues were not raised in RGP's moving brief and RGP had not yet filed its brief in opposition to Charter Oak's motion for summary judgment. As a result, Charter Oak must now not only respond to the arguments raised by RGP for the first time with respect to the four exclusions, the notice issue, and the "known loss" doctrine, but also respond to new arguments raised by RGP with respect to the other issues.

It is impossible for Charter Oak to adequately do so in five pages. Charter Oak may properly respond to all the arguments raised by RGP in fifteen (15) pages.

Charter Oak represents that RGP's counsel has consented to this motion for leave to file a reply brief in excess of five (5) pages.

Charter Oak also represents that the parties have filed an assented to motion for extension of time which allows Charter Oak to file its reply brief on or before September 23, 2005.

Charter Oak Fire Insurance Company
By Its Attorneys,
HIGGINS, CAVANAGH & COONEY

James A. Ruggieri #2828
123 Dyer Street
Providence, RI 02903
(401) 272-3500
(401) 273-8780 (fax)

**CERTIFICATION**

I hereby certify that on this 15th day of September, a copy of the within was hand delivered to:

Thomas R. Bender, Esq.
Hanson Curran LLP
146 Westminister Street
Providence, RI 02903

Jean Audino [signature]